Ed **DAVIS and Jacqueline Davis,**
**Plaintiffs-Appellants,**

v.

Mae **HERD, Defendant-Respondent.**

**No. 13161.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 13, 1984.

Peter H. Rea, Branson, Connie L. Wible, Springfield, for plaintiffs-appellants.

Wade & Haden, Ava, Michael J. Patton, Turner, Reid, Duncan, Loomer & Patton, P.C., Springfield, for defendant-respondent.

PER CURIAM:

Plaintiffs, husband and wife, own Ozark County real estate situate immediately south of and adjacent to property belong-

**454**

ing to defendant whose premises abut and lie south of east-west U.S. Highway 160. Claiming they had an easement by prescription across defendant's property to the highway, plaintiffs sued to establish such an easement, to enjoin defendant from hindering plaintiffs' use of the alleged easement and for damages. Defendant answered denying, inter alia, the existence of any easement across her property and asserted that plaintiffs' use of the roadway across her premises had been permissive in nature and, thus, had never ripened into an easement. After a trial to the court, the latter ruled, adjudged and decreed that neither plaintiffs nor others had an easement over defendant's property. The court further permanently enjoined plaintiffs from entering upon defendant's property and from using the road running over the defendant's land. Plaintiffs appealed.

Well in excess of one-third of the transcript on appeal is composed solely of harangues by counsel (mostly by counsel for plaintiffs) consisting of comments and tirades inapposite to any justificatory issues in the cause. Nonetheless, we have carefully reviewed the record and the transcript of the testimony and evidence presented to the trial court and conclude that the judgment and decree of that tribunal reviewable under Rule 73.01, V.A.M.R., is supported by substantial evidence and is not against the weight of the evidence. We perceive no error of law and determine that an opinion would be of no precedential value. The decree and judgment of the court nisi is affirmed in compliance and accordance with Rule 84.16(b), V.A.M.R.

All concur.